IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

IN AND FOR PINELLAS COUNTY STATE OF FLORIDA

Civil Division

JOSH STREETER,

Plaintiff,

                                CIVIL ACTION FILE NO.

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC.

    Defendant.
_____/

## COMPLAINT

Plaintiff brings this action against Defendant, on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding phone calls and unlawful contact made by Defendant who called Plaintiff's phones, including cell phone(s), against the wishes and

directives of Plaintiff and in a manner contrary to both state and federal law.

Plaintiff alleges that Defendant called Plaintiff's phone, including cell phone, repeatedly, with the use of an automated telephone dialing system in the four years prior to the institution of the original action, without the express consent of Plaintiff even after Plaintiff had specifically told Defendant not to call.

Plaintiff further alleges that Defendant continued to call Plaintiff's cell phone repeatedly, in some cases, with an automated telephonic dialing system without Plaintiff's consent and against Plaintiff's instructions to the contrary despite the fact that Defendant was aware of Plaintiff's cease and desist instructions, including those given in September of 2014 and March of 2014.

Plaintiff seeks to recover for statutory damages under 15 U.S.C. 1692 et. seq. and because Defendant continued to contact Plaintiff's phones (including contacting Plaintiff's cell phone with an automated

telephonic dialing system) and said contact on the part of Defendant was also contrary to Plaintiff's cease and desist instructions as Defendant knew that Plaintiff instructed Defendant to stop calling Plaintiff's phones, including cell phone, yet Defendant chose to contact Plaintiff without regard to Plaintiff's lawful rights, with an intent to annoy and harass Plaintiff.

In fact, Defendant continued to call Plaintiff's phone(s), including cell phone(s), with even after Plaintiff specifically told Defendant to stop calling and also even after Plaintiff put his cease and desist instructions in writing to Defendant and even after Defendant was on actual notice that Plaintiff did not wish to receive any more calls, including automated calls from Defendant. These calls included calls and contact that Defendant made with Plaintiff in regards to an alleged debt including but not limited to contact on July 12, 2015, June 29, 2015, April 12, 2015 and March 31, 2015.

## II. PARTIES

1. Plaintiff is a natural person and consumer residing in Pinellas County, Florida.

2. Defendant is a foreign for profit corporation, accountable under 15 U.S.C. 1692, et. seq. as well as Chapter 559 of the Florida Statutes and Defendant is a debt collector.

3. Defendant, a self described "debt collector", was attempting to collect an alleged but unsubstantiated consumer debt against Plaintiff, which gives rise to this action.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court because the Defendant's offending actions took place in Pinellas County.

5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Pinellas County, Florida.

### IV. FACTUAL ALLEGATIONS

6. During the 48 months prior to the filing of the original complaint, Defendant called Plaintiff's cellular telephone without Plaintiff's express consent using an automated telephone dialing system to make the offending calls to Plaintiff's cell phone which ends in 4367.

7. Plaintiff is the "sole subscriber, owner, possessor, and operator of" his telephones, including his cellular telephone.

8. During the 48 months prior to filing the instant action, Plaintiff received multiple and repeated calls from Defendant, who used an automated dialing system to call Plaintiff's phone, including his cell phone repeatedly, even after Defendant was instructed to stop calling Plaintiff. Each call Defendant made to Plaintiff's cellular phone was done so without the "express permission" of Plaintiff. If, assuming arguendo, Defendant ever had Plaintiff's permission to call his telephones, including cell phones, such

permission was revoked by his notice to Defendant to cease and desist contacting Plaintiff.

9. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes".

10. Upon information and belief, the telephone calls were placed by Defendant to Plaintiff's cellular telephone using automated telephone dialing equipment, without human intervention, which was evident by not only the "clicks" and prolonged delays but also by Defendant's use of automated messages on Plaintiff's cell phone. Further, Plaintiff had no business with Defendant and the calls placed by Defendant to Plaintiff's phone(s) are believed to be of the wrong number variety.

10. Accordingly, upon information and belief, each call Defendant made to Plaintiff was made using an "automatic telephone dialing system" that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers repeatedly.

11. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to Plaintiff's phones in this case, with no way for the consumer or Defendant to remove the incorrect number, even when Plaintiff specifically told Defendant to stop calling Plaintiff repeatedly.

12. Defendant's corporate policy and procedures provided no means for Plaintiff to have his phones, including his cellular telephone number, removed from the call list.

13. Defendant willfully and/or knowingly violated the Fair Debt Collection Practices Act and also Chapter 559 of the Florida Statutes with respect calling Plaintiff's phone(s) repeatedly with an intent to annoy and or harass Plaintiff.

14. Defendant's calls to Plaintiff's phone(s), including cell phone, using an automatic dialing system intentionally and repeatedly, without express permission, were in total disregard of Plaintiff's

lawful right Chapter 559 of the Florida Statutes and 15 U.S.C. 1692.

### V. Violations of 15 U.S.C. 1692 et. seq.

15. Plaintiff re-alleged and incorporated paragraphs above set forth above.

16. These same complained of actions (as alleged above, including but not limited to paragraphs 1 to 15) on the part of Defendant (repeated contact with Plaintiff after Defendant had actual knowledge of Plaintiff's cease and desist) constitutes a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 generally, and 15 U.S.C. 1692(c), 15 U.S..C. 1692 (d) and is further liable for attorney fees and costs under 15 U.S.C. 1692(k), because Defendant continued to contact Plaintiff after being advised that such contact was against Plaintiff's the wishes and directives of Plaintiff, in a manner designed to harass or annoy Plaintiff and to disregard the lawful rights of Plaintiff by calling Plaintiff's phone and causing it

to ring repeatedly with the intent to harass and/or annoy Plaintiff.

17. Indeed, Plaintiff advised Defendant to stop calling Plaintiff's cell phone and that Plaintiff did not wish to receive any more calls or even written contact from Defendant, yet Plaintiff continued to be contacted by Defendant (post cease and desist instruction), who intended to harass and or annoy Plaintiff and by disregarding the rights of Plaintiff under the law, and continuing to contact Plaintiff in regards to an alleged consumer debt and causing Plaintiff's phone to ring repeatedly.

## VII. Violations of Chapter 559 of the Florida Statutes.

18. Plaintiff re-alleges and re-incorporates paragraphs above.

19. Again, Plaintiff advised Defendant during the course of Defendant's contact with Plaintiff that Plaintiff no longer wanted Defendant to contact him and

that Plaintiff did not want to receive any more calls from Defendant.

20. Defendant ignored Plaintiff's request and cease and desist instructions which were given to Defendant and Defendant continued to contact Plaintiff (post cease and desist instruction), in disregard of Plaintiff's rights.

21. Defendant's conduct and disregard of Plaintiff's rights and Defendant's decision to continue contacting Plaintiff after being advised not to do so, constituted and intentional disregard for Plaintiff rights under Florida law, including Chapter 559.72(7) of the Florida Statutes.

## Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1)   Statutory pursuant to the above cited law;

(2)   Statutory damages under 15 U.S.C. 1692 as well as Chapter 559.77 of the Florida Statutes;

(3)   Fair and reasonable costs of this action, court costs and attorney's fees, where provided for by law;

(4)   Such other and further relief that the Court deems just and proper.

**s/ W. John Gadd**
W. John Gadd
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com
